JOHN C. HARRISON *v.* L. G. WILSON.

An assignment of a claim, though gratuitous, followed by notice to the debtor, who had no offset at the time, is valid as to him.

APPEAL from the Commercial Court of New Orleans, *Watts,* J.

BULLARD, J. This is an action to recover of the defendant, the amount of an account, originally due to Ogden & Southgate, alleged to have been assigned by them to Sully, and by the latter to the plaintiff, and due notice of the assignment and transfer to have been given to the debtor.

The defendant admits, that he owed originally to Ogden & Southgate, most of the debt ; but avers, that it has been extinguished by compensation. He avers, that on or about the 1st of August, 1841, he endorsed and transferred to A. T. Pickrell, a bill of exchange, which had been previously accepted by Ogden

& Southgate, and transferred to him (the defendant,) for $786 70, which was protested at maturity, to wit, December 23d, 1841, and which he was compelled to take up as endorser, and of which he is yet the holder.

There is no doubt of notice having been given to the defendant of the assignment by Ogden & Southgate to Sully. This is shown, not only by the testimony of Sully, but by the fact, that a draft was drawn on Wilson for the amount, together with additional charges for difference of exchange, accompanied by a letter of advice, in which he was informed that it was drawn on that account. This draft was presented, and protested for non-acceptance, on the fourth of September, 1841, and the acceptance of Ogden & Southgate, which is pleaded in compensation, was not acquired until November following. It is true, that notice of the assignment by Sully to Harrison is not shown ; but that is of no consequence, because the defendant does not pretend to have any offset as against Sully, the plaintiff's immediate assignor.

But the defendant pleads, not only that he never had any notice of either of the transfers, and that the debt has been constantly treated as due to Ogden & Southgate, but that if there was a transfer to Sully, the same was without consideration.

The court below considered, that the case presented two questions, to wit : *first*, whether the defendant, Wilson, had any notice of the transfer to Sully ; and, *secondly*, whether he can inquire into the want of consideration of that transfer.

I. We have already said, there was notice proved in our opinion : but there is another circumstance which strengthens our conviction on that point. The defendant pretends, that he had endorsed an acceptance of Ogden & Southgate, which he was compelled afterwards to take up. It is shown by the evidence of the broker, that he purchased that acceptance, at a considerable discount, in November, and afterwards put his own name upon it, and had it left for collection in the hands of the same broker, and it was protested. At the time of the protest it was already the property of the defendant. Previously to the purchase of the paper, which was in November, he had offered to pay a part of the original debt to the transferree, and Sully swears positively that he notified him, that the debt belonged to him.

II. At the time the transfer is shown to have been made by Ogden & Southgate, Wilson had no interest in contesting the validity of the transfer. It is not pretended he had any offset, at that time ; and if the assignment had been gratuitous, and followed by notice, which is equivalent to a delivery as to the debtor, it would have been valid as to him.

We conclude, that the defence is untenable, and that the court erred in sustaining it. The defendant, in his answer, admits $593 50, of the debt.

It is, therefore, ordered and decreed, that the judgment of the Commercial Court, be avoided and reversed, and that the plaintiff recover of the defendant the sum of *five hundred and ninety-three dollars and fifty cents*, with interest at five per cent from the 27th of January, 1842, until paid, and the costs of both courts.

*Rawle*, for the appellant.

*Peyton* and *J. W. Smith*, for the defendant.