### BENJAMIN E. EDWARDS *v.* SUCCESSION OF E. M. DALEY et al.

The decision in the case of *Gray* v. *Trafton*, 12 M. 702, reaffirmed—to the effect that an order given on an attorney at law for the amount of a claim placed in his hands for collection, is sufficient evidence of a transfer.

Where an administrator contests the consideration of such an order, the burden of proof is certainly upon him to establish want of consideration.

APPEAL from the Second District Court of New Orleans, *Morgan*, J. B. E. *Edwards*, in *pro. per.* and *Carleton Hunt*, for plaintiffs. *Durant & Hornor*, for defendants and appellants.

BUCHANAN, J. The deceased, *E. M. Daley*, gave an order on plaintiff, an attorney at law, to pay over to *Elias M. Green*, the amount of a claim against one *Giddings*, which *Daley* had placed in plaintff's hands for collection.

The question to be decided in this case is, whether this order is evidence of a transfer to *Green*. This question must be solved in the affirmative, on the authority of *Gray* v. *Trafton*, 12th Martin, 702.

In that case, it was so held in opposition to an attaching creditor of the party who had given the order,—a stronger case than the present, where nobody, except the administrator of *Daley*, contests the right of the party in whose favor *Daley* made the order.

The administrator contests the consideration of the order. His right to do so is not very clear; but if admissible, the burden of proof is certainly upon him, to establish want of consideration. 5 Rob. 276.

Judgment affirmed, with costs.